UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DRYWALL TAPERS AND POINTERS OF
GREATER NEW YORK LOCAL UNION 1974,
IUPAT, AFL-CIO,

                       Plaintiff,

- against -

VISUAL ACOUSTICS, LLC,

                       Defendant.

17-cv-5431 (JGK)(KHP)

MEMORANDUM OPINION AND ORDER

---

JOHN G. KOELTL, District Judge:

The plaintiff seeks summary judgment enforcing an arbitration award pursuant to section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185. The plaintiff is a labor union (the "Union") within the meaning of the LMRA, which represents employees in an industry affecting commerce as defined in Section 501 of the LMRA, as amended, 29 U.S.C. § 142, and Section 3(4) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4), and further defined in Section 12 of the General Associations Law of the State of New York. The defendant, Visual Acoustics, LLC, is a New York business corporation with its principal place of business in New Jersey.

The underlying dispute arose out of the plaintiff's effort to collect member benefits and wages that the defendant owed a Union member, Fernando Suero, under a Trade Agreement (the

1

"Agreement"). The Agreement was executed between the plaintiff and Drywall Taping Contractors' Association of Greater New York and The Association of Wall-Ceiling & Carpentry Industry of New York, Inc. (the "Association"). The defendant is a member of the Association. The Agreement provides that any unresolved grievances between the parties may be referred to the Drywall Taping Industry Board (the "Joint Trade Board"). The Joint Trade Board is comprised of representatives of the Union and the Association.

I.

By its terms, the Agreement was effective from August 3, 2011 through June 27, 2017. Article XXI, Section 1 of the Agreement requires the defendant to remit contributions to certain trust funds for the benefit of the Union and its members for work performed by the defendant's employees covered by the Agreement.

The plaintiff contended that the defendant failed to pay Fernando Suero, a Union member, benefits and wages pursuant to the Agreement. The plaintiff therefore initiated an arbitration pursuant to the procedures set forth in the Agreement.

The Union served a Notice of Intention to arbitrate (the "Notice") dated March 17, 2017, and the defendant was served with a notice specifying the date and time of the hearing.

The Joint Trade Board held the hearing on March 24, 2017. The Joint Trade Board consisted of the following representatives: John Drew appeared as Union Representative; Anthony Verderosa, John Donohue, and John DeLollis appeared as Employer Representatives. Lauren M. Kugielska appeared as Attorney for the Joint Trade Board. Ray Morgan appeared as Representative for Fernando Suero. However, no attendees appeared on behalf of the defendant. Ms. Kugielska informed the Joint Trade Board at the hearing that the defendant received the notice of the hearing on March 18, 2017.

Mr. Morgan reported at the hearing that the defendant owed Mr. Suero 1,158 hours and eight overtime hours of benefits for the period from March 19, 2016 to October 15, 2016, totaling $29,754.95. Mr. Morgan also reported that the defendant owed Mr. Suero 130 overtime hours of wages for the period from March 2016 to October 2016, totaling $3,058.30.

On the same day of the hearing, March 24, 2017, the Joint Trade Board issued a written decision. The Board found that the defendant was liable for failing to pay benefits and wages to Mr. Suero, in violation of Article XXI, Section 1 of the Agreement. The Joint Trade Board awarded Mr. Suero a total of $32,813.25, consisting of $29,754.95 in benefits and $3,058.30 in wages. To date, the defendant has not paid any portion of the award.

The plaintiff seeks summary judgment for: (i) enforcement of the arbitration award; (ii) judgment in favor of the plaintiff against the defendant for $32,813.25 in owed benefits and wages; (iii) judgment in favor of the plaintiff against the defendant for $3,281.33 in liquidated damages; and (iv) judgment in favor of the plaintiff against the defendant for $2,910 in attorney's fees and $480 in court costs and disbursements, the entire amount of judgment accruing post-judgment interest at the rate provided under 28 U.S.C. § 1961(a).

## II.

A district court's role in reviewing an arbitration award is extremely limited. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29 (1987); United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960). The Supreme Court has explained that district courts "are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." Misco, 484 U.S. at 36. The Court instructed that "[a]s long as the arbitrator's award 'draws its essence from the collective bargaining agreement,' and is not merely 'his own brand of industrial justice,' the award is legitimate." Id. (quoting United Steelworkers, 363 U.S. at 597). Accordingly, an arbitration award is to be confirmed if there is even a "barely colorable justification" for the

4

decision. United States Steel and Carnegie Pension Fund v. Dickinson, 753 F.2d 250, 252 (2d Cir. 1985); see also Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Stop & Work Constr. Inc., No. 17-CV-5693 (JGK), 2018 WL 324267, at *2 (S.D.N.Y. Jan. 5, 2018).

Despite being informed of the hearing, the defendant failed to appear at the hearing and failed to contest the facts underlying the arbitration award. The uncontested evidence supported the award that the defendant was required to pay Mr. Suero $29,754.95 in benefits and $3,058.30 in wages. To date, the defendant has not paid any portion of the arbitration award.

The standard for granting summary judgment is well established. "The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Darnell v. Pineiro, 849 F.3d 17, 22 (2d Cir. 2017). The substantive law governing the case will identify those facts that are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Stop & Work Constr. Inc., 2018 WL 324267, at *2.

Here, the Joint Trade Board's award was not its "own brand of industrial justice." Misco, 484 U.S. at 36 (quoting United Steelworkers, 363 U.S. at 597). Rather, the Joint Trade Board found that the plaintiff's testimony established that the defendant was bound by the Agreement, and that the evidence showed that the defendant had violated the Agreement and owed Mr. Suero $32,813.25 in benefits and wages. Pl. Ex. A. The defendant did not oppose any of the plaintiff's testimony because it did not send any representative to attend the arbitration hearing.

Based on the limited review that is appropriate of an unopposed petition to confirm an arbitration award, the Court finds that there is no genuine dispute of material fact and that the arbitration award should be confirmed.

The plaintiff also seeks judgment to recover attorney's fees expended in this action. Courts in this district have observed that "courts have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." Trustees of New York Dist. Council of Carpenters Pension Fund v. All. Workroom Corp., No. 13-cv-5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting Abondolo v. H. & M. S. Meat Corp., No. 07-cv-3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting cases))

6

(internal quotation marks omitted). See also Stop & Work Constr. Inc., 2018 WL 324267, at *3.

The attorney's fees sought by the plaintiff are reasonable. In support of the plaintiff's claim for attorney's fees, the plaintiff's counsel submitted a summary listing the tasks completed and the total hours billed. Pl.'s Aff. in Support of Attorneys' Fees and Costs and Disbursements Ex. C. The plaintiff seeks $2,910 in attorney's fees for 9.7 hours of work, for which plaintiff's counsel billed the services of an associate attorney at a rate of $300 per hour. Id. The rates billed and time expended on this action by the plaintiff's counsel are reasonable. See Alicea v. City of N. Y., 272 F. Supp. 3d 603, 611 (S.D.N.Y. 2017)(approving attorney's fees that billed associates at a rate of $300 per hour).

The plaintiff additionally seeks liquidated damages calculated at ten percent of the owed benefits and wages, totaling $3,281.33. Under ERISA, the plaintiff is entitled to liquidated damages at a rate set forth under the Agreement but not higher than twenty percent. 29 U.S.C. § 1132(g)(2)(C)(ii).[1]

---

[1] The rate prescribed in the Agreement is equal to thirty percent of the amount owed. Pl. Ex. A. Article XXI, Section 7(b) of the Agreement, titled "Enforcement," provides that "[a]ny Employer required by this Article to pay the contributions payable to his Journeyper[s]ons and Apprentices or on their behalf for the remittance period immediately preceding, who fails to pay such contributions . . . shall pay to the Trustees as liquidated

7

The plaintiff is therefore entitled to $3,281.33 in liquidated damages.

The plaintiff is also entitled to post-judgment interest on the full amount of the judgment at the rate provided under 28 U.S.C. § 1961(a). See Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." (citing 28 U.S.C. § 1961(a))).

---

damages," and that "If any Employer during any calendar year failed to pay . . . contributions within the prescribed date for more than a total of . . . ten (10) weeks the penalty shall be thirty percent (30%)." Id. Here, The Joint Trade Board found that the defendant failed to pay Mr. Suero benefits and wages for the period from March 19, 2016 to October 15, 2016, and from March 2016 to October 2016, respectively. Because those benefits and wages were overdue for more than 10 weeks at the time of the arbitration hearing, March 24, 2017, the Agreement provides that the liquidated damages are calculated at thirty percent of the amount owed. Because the plaintiff is seeking liquidated damages calculated at ten percent of the owed benefits and wages, however, liquidated damages are calculated at that rate instead.

## CONCLUSION

The Clerk of Court is directed to enter judgment granting the petition to enforce the arbitration award dated March 24, 2017 in the amount of $36,094.58, plus interest from March 24, 2017, accrued at an annual rate of 5.75% until the date of judgment. The Clerk is also directed to enter judgment in favor of the plaintiff and against the defendant in the amount of $2,910 in attorney's fees and $480 in court costs and disbursements. Post-judgment interest on the entire amount of the judgment will accrue from the date of the judgment at the rate provided by 28 U.S.C. § 1961(a). The Clerk is further directed to close this case.

**SO ORDERED.**

**Dated:** **New York, New York**
**March 29, 2018**

_____
John G. Koeltl
**United States District Judge**